**Elmer HUTCHISON, Plaintiff,**

v.

**SABRETECH, INC. d/b/a Sabretech Logistics Support, Inc., Defendant.**

**No. CIV.A. 2:96–CV–424–J.**

United States District Court,
N.D. Texas,
Amarillo Division.

Dec. 23, 1997.

Susan E. Hutchison, Molloy, Lewis & Hutchison, Fort Worth, TX, for Plaintiff.

Diana M. Wagner–Hilliard, James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MARY LOU ROBINSON, District Judge.

Before the Court is Defendant's motion, filed June 9, 1997, for summary judgment. For the following reasons, partial summary judgment for the Defendant is granted.

### I. *BACKGROUND*

This is an age discrimination action brought pursuant to Texas law. Plaintiff is an aircraft mechanic who is over the age of 40. He was selected for termination in a reduction in force and was terminated along with four other mechanics by the Defendant on February 12, 1996. He was not called back during March of 1996 when two other mechanics were rehired. In June, 1996 he was rehired for two weeks. On December 9, 1996 he was rehired on a permanent basis, thereby being out of work for a total of 40 weeks during 1996.

### II. *Summary Judgment Standards*

The Court may terminate litigation by rendering a summary judgment where no genuine issue of material fact exists and the moving party is entitled to judgement as a matter of law. *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir.1987) (citations omitted). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(initial burden is on movant to show entitlement to summary judgment with competent evidence); Fed. R. Civ. Pro. 56(c).[1] Summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas,* 833 F.2d at 567. This Court must resolve "all factual uncertainties and mak[e] all reasonable inferences in favor of the non-moving party." *Id.*[2] Such a finding may be

---

1. A material fact issue is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law governing the case will identify which facts are material. *Id.,* 477 U.S. at 249, 106 S.Ct. at 2510. *See Bache v. American Tel. and Tel. Co.,* 840 F.2d 283, 287

(5th Cir.), *cert. denied,* 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988).

2. *Accord Bienkowski v. American Airlines,* 851 F.2d 1503, 1504 (5th Cir.1988). However, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2511 (cita-

supported by the absence of evidence necessary to establish an essential element of the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

### III. *Discussion and Analysis*

Plaintiff alleges that he was discriminated against because of his age by his employer, SabreTech, Inc. This discrimination took the form of his being terminated in a reduction in force and not being rehired as soon as he could have been, in violation of the *Texas Commission on Human Rights Act,* § 21.001 *et seq.* of the Texas Labor Code. Plaintiff does not allege a comparable violation of any federal law, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Therefore Texas law controls the compensatory and punitive damages that are available in this lawsuit. The applicable statute states:

(a) On finding that a respondent engaged in an unlawful intentional employment practice as alleged in a complaint, a court may, as provided by this section, award:

(1) compensatory damages; and

(2) punitive damages.

(b) A complainant may recover punitive damages against a respondent, ... if the complainant demonstrates that the respondent engaged in a discriminatory practice with malice or with reckless indifference to the state-protected rights of an aggrieved individual.

(c) Compensatory damages awarded under this section may not include:

(1) back pay;

(2) interest on back pay; or

(3) other relief authorized under Section 21.258(b).

(d) The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses and the amount of punitive

damages awarded under this section may not exceed, for each complainant:

(1) $50,000 in the case of a respondent that has more than 14 and fewer than 101 employees;

(2) $100,000 in the case of a respondent that has more than 100 and fewer than 201 employees;

(3) $200,000 in the case of a respondent that has more than 200 and fewer than 501 employees; and

(4) $300,000 in the case of a respondent that has more than 500 employees.

(e) For the purposes of Subsection (d), in determining the number of employees of a respondent, the requisite number of employees must be employed by the respondent for each of 20 or more calendar weeks in the current or preceding calendar year.

Tex. Labor Code Ann. § 21.2585 (Vernon 1996)(*Texas Commission on Human Rights Act).*

Plaintiff concedes that Defendant Sabre-Tech, Inc. was his employer and that Sabre-Tech employed fewer than 101 employees for each of 20 or more calendar weeks in any calendar year preceding this suit. Therefore under § 21.2585(d)(1) Plaintiff's future compensatory damages and punitives would be limited to $50,000. However, Plaintiff contends that because SabreTech is a wholly owned subsidiary of SabreLiner he may pierce (d)(1)'s limit on damages by adding the employees of both corporations together to reach (d)(4)'s "more than 500 employees" cap of $300 thousand. In essence, he argues that both corporations are a single integrated enterprise. Defendant states that aggregation of the employees of these two wholly separate corporate entities is improper.

█ The express purpose of the Texas Commission on Human Rights Act is to provide for the execution of federal employment discrimination policies. Tex. Labor Code Ann. § 21.001 (Vernon 1996). For this reason, federal cases construing Title VII and statutes prohibiting handicap and age discrimination are persuasive, if not dispositive

tions omitted). "If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted." *Id.* (citations omitted).

where, as here, the Texas Act does not expressly provide the answer as to whether aggregation of the employees of these two wholly separate corporate entities is proper. *Dallas Fire Fighters Ass'n v. City of Dallas, Texas,* 885 F.Supp. 915 (N.D.Tex.1995); *Daniels v. Allied Elect. Contr. Inc.,* 847 F.Supp. 514 (E.D.Tex.1994); *Thompson v. City of Arlington, Texas,* 838 F.Supp. 1137 (N.D.Tex.1993).

■ Defendant states that the test set forth in *Trevino v. Celanese Corp.,* 701 F.2d 397, 404 (5th Cir.1983) applies in this case, where there is no dispute which corporation employed and discharged the Plaintiff. *See Schweitzer v. Advanced Telemarketing Corp.,* 104 F.3d 761 (5th Cir.1997). The *Trevino* test focuses on evidence of four factors: 1) interrelation of operations, 2) centralized control of labor relations, 3) common management, and 4) common ownership or financial controls.

There is no question in this case that SabreTech, Inc. was the corporate entity that employed the Plaintiff. Further, the evidence is that Plaintiff's immediate supervisor, also a SabreTech employee, actually made the decision on which mechanics to lay off. Other than the presence of a SabreLiner employment practices manual at Defendant's plant, there is no evidence that SabreLiner, Inc. exercised or attempted to exercise any day-to-day control over the employment decisions of SabreTech or made the decision to discharge the Plaintiff, or anyone else. All the evidence shows is that SabreLiner and SabreTech are separate corporate entities and that SabreTech generally makes reduction in force decisions independently of SabreLiner's guidance. Further, Plaintiff's supervisor testified that he did not consult anyone at SabreLiner or the SabreLiner manual before he made his decision on whom to discharge.

All the evidence is that Defendant SabreTech, Inc. made that decision, without assistance or input from anyone at SabreLiner, Inc. In response to Defendant's motion, Plaintiff has tendered no affidavit, deposition testimony, letter, memo, note, or any other document regarding interrelation of operations, centralized control of labor relations, common management, or common financial controls. There is no evidence to contradict the evidence that SabreLiner, Inc. had no input into the employment decisions of SabreTech, Inc., as to selection of the Plaintiff or anyone else for termination, or as to when he was or was not rehired.

The Court concludes that there is no genuine issue of material fact about the critical question of "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Trevino,* at 404. Summary judgment will therefore be granted to Defendant on the issue of which cap applies to Plaintiff's future damages in this case.

### IV. *Conclusion*

Defendant's motion for summary judgment is granted in part. The $50,000 cap as set forth in § 21.2585(d)(1) applies in this case. All relief not herein granted is denied.

It is SO ORDERED.